# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1988

_____

| | | |
|---|---|---|
| Operating Engineers Local No. 101 | * | |
| Pension Fund; Trustees of the Local | * | |
| No. 101 Pension Fund; Operating | * | |
| Engineers Local No. 101 Health & | * | |
| Welfare Fund; Trustees of Local No. | * | |
| 101 Health & Welfare Fund; | * | |
| Operating Engineers Local No. 101 | * | |
| Vacation Fund; Trustees of Local | * | |
| No. 101 Vacation Fund; Operating | * | |
| Engineers Local No. 101 Joint | * | Appeal from the United States |
| Apprenticeship & Skill Improvement | * | District Court for the |
| Fund; Trustees of Local No. 101 Joint | * | Western District of Missouri. |
| Apprenticeship & Skill Improvement | * | |
| Fund; International Union of Operating | * | [UNPUBLISHED] |
| Engineers Local No. 101, | * | |
| | * | |
| Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| K.C. Excavating & Grading, Inc.; | * | |
| G&C Excavating, LLC, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: January 16, 2003

Filed: February 5, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.
_____

PER CURIAM.

Operating Engineers Local No. 101 Pension Fund and the other plaintiffs brought an action for recovery of unpaid contributions for fringe benefits under ERISA and recovery of unpaid union wages and dues under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. The District Court[1] granted summary judgment to plaintiffs, concluding that no material facts were in dispute and holding that defendant G&C Excavating, LLC, was the alter ego of defendant K.C. Excavating & Grading, Inc., for the purposes of both the ERISA claim and the § 301 claim. Determining that the two defendants are jointly and severally liable for the unpaid contributions and union wages, the court awarded damages as follows: $35,398.53 in unpaid contributions; $7,326.70 in liquidated damages; $1,157.25 in accrued interest; and $99,960.44 in unpaid wages, for an award of damages in the total amount of $143,842.92. The District Court entered final judgment, and defendants appeal.

For reversal, defendants argue that the summary-judgment record creates a genuine issue of material fact as to whether the defendants are alter egos of one another. They also argue that as a matter of law § 301 of the LMRA does not allow a union to recover unpaid wages on behalf of would-be employees deprived of work by an employer in violation of a collective bargaining agreement. Having carefully considered the briefs and the record, we conclude the first argument is without merit and the second argument has been waived. We are satisfied the evidence presented by defendants in opposing plaintiffs' motion for summary judgment is inadequate to create a genuine issue of material fact as to the alter-ego relationship between the two

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

defendants. Defendants' argument that the plaintiff union may not recover unpaid wages on behalf of would-be employees was made for the first time after judgment was issued by the District Court, and thus was waived. See Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000); Concordia Coll. Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993), cert. denied, 510 U.S. 1093 (1994).

No error of law appears, and a full opinion by this Court would lack substantial precedential value. The judgment of the District Court is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-